OPINION
{¶ 1} Defendant-Appellant, James R. Hamilton, appeals from a judgment issued by the Union County Common Pleas Court finding him to be a sexual predator. Hamilton maintains that the trial court's determination was against the manifest weight of the evidence. Reviewing the entire record, we can not say that the court clearly lost its way or created a manifest miscarriage of justice. Accordingly, we affirm the trial court's decision.
 {¶ 2} From May 17, 2002 until his arrest on October 26, 2002, Hamilton was involved in a series of online communications with what he believed was a father and his fourteen year old daughter. In fact, both the father and daughter were Detective Don Duncan of the Brookville Police Department acting in an undercover capacity. Detective Duncan communicated with Hamilton under the screen name of "Coop950oh" while posing as the father, and "Ohiogrlcheer" while posing as the fourteen year old daughter. During these online communications, Hamilton sent Detective Duncan numerous illegal pornographic pictures depicting underage persons engaged in various sexual acts. Hamilton also made repeated explicit suggestions to both Coop950oh and Ohiogrlcheer that Hamilton engage in sexual relations with Ohiogrlcheer. Hamilton even offered to let Coop950oh watch as Hamilton had sexual intercourse with Ohiogrlcheer. Hamilton also discussed buying marijuana, suggesting that he might use it to relax Ohiogrlcheer in order to facilitate having sex with her.
 {¶ 3} Eventually, Hamilton gave Coop950oh his home phone number and directions to his house in Plain City, Ohio. Detective Duncan arrived at Hamilton's house posing as Coop950oh, and the two left to go meet Ohiogrlcheer for what Hamilton thought was going to be a sexual encounter. On the way they stopped at a Marathon station where Hamilton was arrested and questioned. At the same time, Hamilton's computer was seized pursuant to a properly executed search warrant. The subsequent search of his computer's contents revealed numerous illegal depictions of minors engaged in sexual activity.
 {¶ 4} Hamilton was also involved in two other similar online undercover police investigations. In January of 2002, Hamilton had been in contact through the internet with what he believed to be a fifteen year old female. The fifteen year old female was in fact Detective Steve Driscoll of the Kettering Police Department. During these communications, Hamilton solicited what he thought was a fifteen year old female to engage in vaginal intercourse.
 {¶ 5} Additionally, in October of 2001, Hamilton was communicating via the internet with Detective D. Barlow of the Xenia Police Department. Detective Barlow was communicating with Hamilton under the guise of a fourteen year old girl. During their communications, Hamilton solicited what he thought was a fourteen year old girl to engage in oral intercourse.
 {¶ 6} Based upon the above facts, Hamilton was indicted on 23 felony counts: three counts of pandering sexually oriented matter involving a minor in violation of R.C. 2907.322(A)(2), sixteen counts of pandering sexually oriented matter involving a minor in violation of R.C.2907.322(A)(5), three counts of importuning in violation of RC.2907.07(E)(2), and one count of attempted unlawful sexual conduct with a minor in violation of R.C. 2923.02 and 2907.04.
 {¶ 7} Subsequently, Hamilton pled guilty to all 23 counts. A hearing was set for March 18, 2003 to sentence Hamilton and to determine whether Hamilton should be classified as a sexual predator. At the hearing, the trial court sentenced Hamilton to five years and ten months in prison, and found him to be a sexual predator. From this decision Hamilton appeals, presenting the following assignment of error for our review.
The trial court's determination that the defendant was a sexual predator was against the manifest weight of the evidence.
 {¶ 8} Hamilton asserts that the manifest weight of the evidence does not support the trial court's determination that he was a sexual predator.
 {¶ 9} A "sexual predator" is defined by the Ohio Revised Code as a person who "has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented crimes."[1] Hamilton admits that the crimes to which he pled guilty are categorized as sexually oriented offenses. Therefore, the only issue that remains is whether the manifest weight of the evidence supported a finding that Hamilton was likely to commit future sexually oriented crimes.
 {¶ 10} The legislature has produced a non-exclusive list of ten factors trial courts should consider when classifying someone as a sexual predator.[2]
 {¶ 11} Trial courts are given wide discretion in deciding how much weight, if any, they give to each of the factors.[3] "Rigid rules generally have no place in this determination, as courts should apply the enumerated factors and consider the relevance, application, and persuasiveness of individual circumstances on a case-by-case basis."[4]
 {¶ 12} After looking at all of the evidence and applying the statutory factors of R.C. 2950.09(B)(3), the court must make a determination of whether the sexual predator label is supported by clear and convincing evidence.[5] Clear and convincing evidence is an intermediate degree of proof, it requires more than a mere preponderance of the evidence, but it is less demanding than a finding beyond a reasonable doubt.[6] A reviewing appellate court must examine the entire record to determine whether the manifest weight of the evidence satisfies the clear and convincing standard.[7]
 {¶ 13} The question of whether manifest weight claims in sexual predator cases should be addressed under the civil standard set forth inC.E. Morris Co. v. Foley Constr. Co.,[8] or the criminal standard enumerated in State v. Thompkins,[9] has become an issue which has not been uniformly resolved among Ohio's appellate districts.[10] However, even the more stringent criminal standard requires a finding that "the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the proceeding must be reversed" to overturn such a determination.[11]
 {¶ 14} Applying the evidence before the court to the statutory factors of R.C. 2950.09(B)(3), we can not say that the court clearly lost its way. The court had before it guilty pleas to 23 different counts of sexually oriented crimes. A guilty plea acts as a complete admission to all of the essential elements of the offense charged.[12] Thus, the court had before it evidence of Hamilton committing multiple crimes, involving multiple underage victims. Both the age and number of victims are factors to be considered by the court in a sexual predator hearing.[13]
 {¶ 15} The evidence also illustrates a pattern of sexual misconduct. The crimes involved multiple underage victims, several different undercover officers from several independent jurisdictions, and occurred over a period of time. Viewed together this tends to establish that Hamilton was involved in a pattern of sexually oriented crimes. A pattern of sexually oriented crimes is one of the statutory factors for the court to consider.[14]
 {¶ 16} The court also had before it the pre-sentence investigation ("PSI"). The PSI established in more explicit detail, the nature and extent of Hamilton's sexually oriented offenses, including his willingness to use drugs to subdue his victims, his sexually explicit language and suggestions, and his moving beyond merely talking online to actually planning physical encounters. The PSI also established that Hamilton had several past convictions for alcohol related offenses. Past crimes of any nature are factors courts should take into consideration in making sexual predator determinations.[15]
 {¶ 17} When all of the evidence that was before the court is examined, it can not be said that the court clearly lost its way in finding that Hamilton was likely to commit future sexually oriented offenses. Accordingly, we affirm the decision of the trial court.
 {¶ 18} Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment affirmed.
BRYANT, P.J., and SHAW, J., concur.
[1] R.C. 2950.01(E)(1).
[2] R.C. 2950.09(B)(3).
[3] State v. Thompson (2001), 92 Ohio St.3d 584, paragraph one of the syllabus; State v. Wayne, (Mar. 14, 2002), 3rd Dist. No. 11-01-08, unreported.
[4] State v. Mckinniss, 153 Ohio App.3d 654, 2003-Ohio-4239, at ¶ 7, citing, State v. Robertson, 147 Ohio App.3d 94, 2002-Ohio-494, at ¶ 20; see, also, State v. Dennis (Sept. 7, 2000), 3rd Dist. No. 8-2000-08, unreported; State v. Dewitt (Nov. 15, 2000), 3rd Dist. No. 14-2000-21, unreported.
[5] R.C. 2950.09(B)(4); State v. Eppinger (2001), 91 Ohio St.3d 158,163.
[6] State v. Schiebel (1990), 55 Ohio St.3d 71, 74, citing Cross v.Ledford (1954), 161 Ohio St. 469, 477.
[7] Schiebel, 55 Ohio St.3d at 74.
[8] C.E. Morris Co. v. Foley Constr. Co. (1978), 54 Ohio St.2d 279. SeeState v. Hunter (2001), 144 Ohio App.3d 116, 121; State v. Morris (July 18, 2000), 4th Dist. No. 99 CA 47, unreported; State v. McHenry (Oct. 15, 2000), 5th Dist. No. 2001CA00062, unreported; State v. Parsons (Aug. 17, 2001), 6th Dist. No. H-00-042, unreported.
[9] State v. Thompkins (1997), 78 Ohio St.3d 380. See State v. Bolin
(June 15, 2001), 2nd Dist. No. 18605, unreported; State v. Turner (Oct. 17, 2001), 3rd Dist. No. 5-01-27, unreported; State v. Sims (June 7, 2001), Jefferson App. Nos. 99-JE-43, 99-JE-57, unreported; State v.Pryce (June 28, 2000), 9th Dist. No. 19888, unreported; State v.Morrison (Sept. 20, 2001), 10th Dist. No. 01AP-66, unreported; State v.Dama (Dec. 21, 2001), 11th Dist. No. 2000-T-0086, unreported; State v.Benson (Aug. 28, 2000), 12th Dist. No. CA99-11-194, unreported.
[10] State v. Robertson, 147 Ohio App.3d 94, 2002-Ohio-494, at ¶ 44.
[11] Thompkins, 78 Ohio St.3d at 387.
[12] Crim.R. 11(B).
[13] R.C. 2950.09(B)(3)(c) and (d).
[14] R.C. 2950.09(B)(3)(h).
[15] R.C. 2950.09(B)(3)(b).